1          IN THE CIRCUIT COURT OF THE STATE OF OREGON

2                    FOR MULTNOMAH COUNTY

3

4    CHRISTOPHER HUGHSON,           )    Case No.  16CV18052
                                    )
5              PLAINTIFF,           )
                                    )
6         v.                        )
                                    )    SUMMONS
7                                   )
                                    )
8    NOVA MERCHANT SERVICES, LLC, a )
     North Carolina limited liability company; )
                                    )
9              DEFENDANT.           )

10   **TO:**

11   **Nova Merchant Services, LLC**
     **c/o Charles R. Riney, Attorney at Law**
12   **13950 Ballantyne Corporate Place, Suite 120**
     **Charlotte, North Carolina 28277**
13   **criney@rineylawfirm.com**

14

15        IN THE NAME OF THE STATE OF OREGON:  You are hereby required to appear and

16   defend the complaint filed against you in the above civil action within thirty (30) days from the

17   date of service of this summons upon you and, you are notified in case of your failure to do so,

18   the Plaintiff will apply to the court for the relief demanded in the Complaint.

19                    **NOTICE TO DEFENDANT:**
20                **READ THESE PAPERS CAREFULLY!**

21        **You must "appear" in this case or the other side will win automatically. To "appear"**
22   **you must file with the court a legal paper called a "motion" or "answer." The "motion" or**
     **"answer" must be given to the court clerk or administrator within 30 days along with the**
23   **required filing fee. It must be in proper form and have proof of service on the plaintiff's**
     **attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.**

24
     **If you have questions, you should see an attorney immediately. If you need help in finding**
25   **an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-**
     **3763 or toll-free in Oregon at (800) 452-7636.**

Exhibit 1 - Page 1 of 16

STATE OF OREGON            )
                           )
COUNTY OF MULTNOMAH        )

     I certify this copy of the Summons and Complaint is a true, exact and complete copy of the original and whole thereof within the meaning of ORCP 7A.

Dated June 6, 2016.

_____
Plaintiff
Chris Hughson
4754 SW Admiral Street
Portland, Oregon 97221
chris@oregonrealtyadvisors.com
Cell: (503) 703-6844

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Dated June 6, 2016.

_____
Plaintiff
Chris Hughson
4754 SW Admiral Street
Portland, Oregon 97221
chris@oregonrealtyadvisors.com
Cell: (503) 703-6844

Exhibit 1 - Page 2 of 16

1  IN THE CIRCUIT COURT OF THE STATE OF OREGON

2  FOR MULTNOMAH COUNTY

3

4  CHRISTOPHER HUGHSON,                    )  Case No.   16CV18052
                                           )
5          PLAINTIFF,                      )
                                           )
6      v.                                  )
                                           )  **SUMMONS**
7                                          )
   NOVA MERCHANT SERVICES, LLC, a          )
8  North Carolina limited liability company; )
                                           )
9          DEFENDANT.                      )
                                           )
10

11 **TO:**

12 **Raelin Morgan, Registered Agent**
   **Nova Merchant Services, LLC**
13 **6000 Fairview Road, Ste 1200**
   **Charlotte, NC 28210-2252**

14

15     IN THE NAME OF THE STATE OF OREGON:  You are hereby required to appear and

16 defend the complaint filed against you in the above civil action within thirty (30) days from the

17 date of service of this summons upon you and, you are notified in case of your failure to do so,

18 the Plaintiff will apply to the court for the relief demanded in the Complaint.

19                    **NOTICE TO DEFENDANT:**
                      **READ THESE PAPERS CAREFULLY!**
20

21     **You must "appear" in this case or the other side will win automatically. To "appear"**
   **you must file with the court a legal paper called a "motion" or "answer." The "motion" or**
22 **"answer" must be given to the court clerk or administrator within 30 days along with the**
   **required filing fee. It must be in proper form and have proof of service on the plaintiff's**
23 **attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.**

24 **If you have questions, you should see an attorney immediately. If you need help in finding**
   **an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-**
25 **3763 or toll-free in Oregon at (800) 452-7636.**

Exhibit 1 - Page 3 of 16

Summons - 1

1   STATE OF OREGON                    )
                                       )
2   COUNTY OF MULTNOMAH                )

3       I certify this copy of the Summons and Complaint is a true, exact and complete copy of

4   the original and whole thereof within the meaning of ORCP 7A.

5

6   Dated June 6, 2016.

7

8                                       _____

9                                       Plaintiff
                                        Chris Hughson
10                                      4754 SW Admiral Street
                                        Portland, Oregon 97221
11                                      chris@oregonrealtyadvisors.com
                                        Cell:  (503) 703-6844
12

13  TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:  You are hereby

14  directed to serve a true copy of this summons, together with a true copy of the complaint

15  mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this

16  summons is directed and to make your proof of service on the reverse hereof or upon a separate

17  similar document which you shall attach hereto.

18

19  Dated June 6, 2016.

20

21                                      _____

22                                      Plaintiff
                                        Chris Hughson
23                                      4754 SW Admiral Street
                                        Portland, Oregon 97221
24                                      chris@oregonrealtyadvisors.com
                                        Cell:  (503) 703-6844
25

Exhibit 1 - Page 4 of 16

Summons - 2

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| CHRISTOPHER HUGHSON, | **Case No.**   16CV18052 |
| PLAINTIFF, | **COMPLAINT** |
| v. | (1) Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. |
| | (2) ORS § 646.569 |
| NOVA MERCHANT SERVICES, LLC, a North Carolina limited liability company; | Jury Trial Requested   $15,200 |
| DEFENDANT. | |

## SUMMARY OF COMPLAINT

1.      Plaintiff Christopher Hughson brings this Complaint and Demand for Jury Trial against Defendant to put an end to their unlawful practice of placing unsolicited telemarketing calls.  Plaintiff seeks damages, including interest, costs and all other legal or equitable relief resulting from the illegal actions of Defendant in negligently and/or knowingly and/or willfully contacting Plaintiff on his personal cell phone without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") and Oregon Telemarketing restrictions (ORS § 646.569).

2.      Automatic telephone dialing systems are capable of delivering a large number of artificial or prerecorded voice messages to cellular phones, homes and businesses in a short period of time.  For this reason, such systems are widely used for a variety of commercial and non-commercial purposes.  In 1991, Congress enacted the TCPA to respond to a growing number of consumer complaints about telemarketing.  The TCPA was enacted to regulate,

among other things, the use of automated telephone equipment and the use of automated voice messages to make non-emergency telephone calls to consumers without their prior express consent.  These types of unsolicited and unauthorized telephone calls are inconvenient, bothersome, annoying, harassing, and can be costly to consumers.

3.    Pursuant to the TCPA, using any automatic telephone dialing system or an artificial or pre-recorded voice to make non-emergency telephone calls to a cellular telephone is prohibited unless the consumer has given prior express consent.  The TCPA empowers the Federal Communications Commission ("FCC") to promulgate rules to achieve the purposes of the TCPA.  The FCC has consistently reiterated in its 2012 Report and Order and Declaratory Rulings that auto-dialed or pre-recorded telephone calls to a cellular telephone numbers are prohibited unless made with "prior express consent" of the consumer.  *See e.g., In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278 (Fed. 15, 2012).        .

4.    The TCPA provides a private remedy for violations of section 227(b)(1)(A) and its regulations.  In particular, section 227(b)(3) provides that a person "may bring an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater" and "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.  *47 U.S.C. § 227(b)(3)(A)-(C)*.

5.    Between March 5, 2016 and April 12, 2016, Plaintiff received at least nine (9) non-emergency telephone calls on his cell phone from Defendant via an automatic telephone

Exhibit 1 - Page 6 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 2*

dialing system and/or an artificial or pre-recorded voice.  Defendant did not have Plaintiff's prior express consent to place these calls.

## JURISDICTION AND VENUE

6.      The Supreme Court of the United States determined that state and federal courts have concurrent jurisdiction over private actions brought under the TCPA.  *See Mims v. Arrow Financial Services, LLC, 565 U.S. __ (2012).*

7.      This Court has personal jurisdiction over Defendants, because they conduct significant business in this State and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this State.

8.      Venue is proper because the unlawful acts alleged, including the unauthorized phone calls, occurred in Multnomah County, and the injury arose in Multnomah County.  Venue is additionally proper because Plaintiff resides in this County.

## PARTIES

9.      Plaintiff Christopher Hughson is a natural person and citizen of the State of Oregon, residing in Multnomah County.

10.      Defendant Nova Merchant Services, LLC, is a limited liability company existing under the laws of the State of North Carolina.

## FACTUAL BACKGROUND

11.      Defendant Nova Merchant Services, LLC or its agent placed telephone calls to Plaintiff's personal cell phone in an attempt to sell merchant processing services.

Exhibit 1 - Page 7 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 3*

12.    In order to reach more consumers, Defendant uses an invasive and illegal method:
unsolicited telemarketing known as "robocalling".

13.    Defendant or its agents place calls to cell phones through their automated
telephone dialing system, using prerecorded messages that play when consumers answer the
calls.

14.    Defendant intentionally disguises itself by placing calls using a spoofed (fake)
caller ID, which if called back, rings to a dead line.  Consumers who dial the number that called
them are unable to reach Defendant or determine Defendant's identity.

15.    A simple search on the web, yields hundreds of complaints by other consumers
and businesses against Nova Merchant Services, LLC and their calling practices:

*"I get calls from this number 4-6 times a day. I have asked to be removed and they hang up. I asked to speak to a manager and they hang up. I want to report this number."*

*"I get calls from this number almost daily and somedays, more than once. I too have tried to call back and get a reply that the number is not in service. I have added it to my auto reject list."*

*"I am registered at the "No Call Registry" for a reason, you are breaking the law. what makes you think you will reach someone like me to empathize and buy whatever you offer? Just the opposite and I will report you as many times as needed."*

*"these people call several times a day and when you ask to be removed, they hang up on you, the just say nova >( so frustrating"*

*"Calls several times a day either hangs up or tries to sell credit card services. Multiple representatives from our small  business have told them to stop calling but we still receive phone calls daily from their number. It cost too much money to block their number and it's ridiculous as they've been told to stop."*

*"201-499-7002 keeps calling me repeatedly and does not leave any message and we cannot call them back.  Please get them to stop."*

*"this number has been calling at various times of the day repeatedly 2 times a minute and never leaves a message"*

Exhibit 1 - Page 8 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 4*

Source:  http://800notes.com/Phone.aspx/1-201-499-7002/4

16.     Plaintiff's cell phone number has been registered on the do not call registry since March 11, 2010.

17.     The telephone calls at issue were placed by Defendant using a spoofed caller ID (201-499-7002).

18.     Plaintiff did not provide his prior express consent to be called by Defendants and did not interact with Defendants in any way prior to receiving calls from them.

19.     Defendants are aware they place unsolicited robocalls to numbers registered to cell phones and to numbers registered on the federal do not call list.

20.     On April 19, 2016, Plaintiff sent Defendant a letter asking for a copy of Defendant's do not call policy, and that Plaintiff's telephone number be placed on Defendant's do not call list.

21.     On May 19, 2016, Plaintiff send Defendant's attorney, Charles Riney, correspondence requesting any consent Defendant was relying upon to place the calls at issue. Defendant has not provided any consent and did not have consent to place the illegal calls.

## COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
#### (47 U.S.C. § 227)

22.     Plaintiff adopts by reference all of the allegations above.

23.     By making, or having made on its behalf, unsolicited calls via an automatic telephone dialing system and/or an artificial or pre-recorded voice to Plaintiff's cell phone without prior written consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).  As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages in

Exhibit 1 - Page 9 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 5*

the form of monies paid to receive unsolicited calls and, under Section 227 (b)(3)(B), is entitled to a minimum of $500 in statutory damages for each violation of the TCPA.

24.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3)(C), treble the amount of statutory damages recoverable

25.     None of Defendants phone calls were made for emergency purposes or made with the prior express consent of Plaintiff.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (47 U.S.C. § 227(c)(5))

26.     Plaintiff adopts by reference all of the allegations above.

27.     47 U.S.C. §227 (c) provides that any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which regulations were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

28.     The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R.§64.1200 (c), provides that "No person or entity shall initiate any telephone solicitation" to"…(2) A residential telephone subscriber who has registered his or her telephone number on the national do- not- call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

29.     47 C.F.R. §64.1200 (d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive

Exhibit 1 - Page 10 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 6*

telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do not- call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do- not- call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

30.    47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CO Docket No. 02-278,

Exhibit 1 - Page 11 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 7*

FCC 03- IS3, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

31.     Defendants violated § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiff, who registered his telephone number on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. Plaintiff requested not to receive calls from Defendant, as set forth in §64.l200(d)(3).

32.     Defendants and/or their agents made unsolicited telephone calls to Plaintiff without his prior express consent to receive such calls. Plaintiff never provided any form of consent, at any time, to receive telephone calls from Defendants.

33.     Defendants violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

34.     Defendants violated § 64.1200(d)(1) by failing to provide Plaintiff with a written policy for maintaining a do-not-call list, after being requested to do so.

35.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call within a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein,

Exhibit 1 - Page 12 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 8*

Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled to receive up to $500 in damages for such violations of § 64.1200.

36.    To the extent Defendants misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable.

## COUNT III
## PROHIBITION ON TELEPHONE SOLICITATION OF TELEPHONE NUMBER ON FEDERAL DO NOT CALL REGISTRY

### (ORS § 646.569)

37.    Plaintiff adopts by reference all of the allegations above.

38.    By making, or having made on its behalf, telephone solicitations of a party at a telephone number included on the federal do-not-call registry, Defendants violated ORS § 646.608(ff) and ORS § 646.569.  As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited calls and, under ORS § 646.638(1) is entitled to a minimum of $200 in statutory damages.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff Christopher Hughson respectfully requests relief against all Defendants as follows:

(A)    For Count I, actual and statutory damages in the amount of $500 per violation and additional treble damages of $1,000 per violation;

(B)    For Count II, actual and statutory damages in the amount of $500 per violation and additional treble damages of $1,000 per violation;

(C)    For Count III,  actual and statutory damages in the amount of $200;

Exhibit 1 - Page 13 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 9*

1

       (D)     For all litigation expenses, and pre- and post-judgment interest, to the extent

2

allowable.

3

       (E)     For any other relief deemed appropriate by this Honorable Court.

4

       (F)     Awarding such other and further relief as equity and justice may require.

5

       (G)     Plaintiff reserves the right to seek leave to amend his Complaint to assert punitive

6

damages and class certification against Defendants.

7

8

9

Dated:  June 6, 2016

10

11

12

_____

13

Christopher Hughson
4754 SW Admiral Street
Portland, Oregon 97221
chris@oregonrealtyadvisors.com
Cell:  (503) 703-6844
*Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 1 - Page 14 of 16

*Complaint – Hughson v. Nova Merchant Services, LLC - 10*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing SUMMONS, COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION PURSUANT TO ORCP 43 and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS PURSUAN TO ORCP 45 on the date indicated below,

[ X ] Via First-Class Mail with postage prepaid    [  ] Via Facsimile Transmission

[  ] Via Hand Delivery                              [ X ] Via Email

[ X ] Via USPS Priority Mail with Delivery Confirmation Requested

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than facsimile or email transmission), addressed to said person(s) at their last known addresses indicated below:

**Nova Merchant Services, LLC**
**c/o Charles R. Riney, Attorney at Law**
**13950 Ballantyne Corporate Place, Suite 120**
**Charlotte, North Carolina 28277**
**criney@rineylawfirm.com**

DATED this 6th day of June, 2016

Plaintiff
Chris Hughson
4754 SW Admiral Street
Portland, Oregon 97221
chris@oregonrealtyadvisors.com
Cell: (503) 703-6844

Exhibit 1 - Page 15 of 16

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that I served the foregoing SUMMONS, COMPLAINT, PLAINTIFF'S

3    FIRST REQUEST FOR PRODUCTION PURSUANT TO ORCP 43 and PLAINTIFF'S FIRST

4    REQUEST FOR ADMISSIONS PURSUAN TO ORCP 45 on the date indicated below,

5

6        [ X ]  Via First-Class Mail with postage prepaid    [   ]  Via Facsimile Transmission

7        [   ]  Via Hand Delivery    [   ]  Via Email

8        [ X ]  Via USPS Priority Mail with Delivery Confirmation Requested

9

10   to the following person(s) a true copy thereof, contained in a sealed envelope (if other than

11   facsimile or email transmission), addressed to said person(s) at their last known addresses

12   indicated below:

13
     **Raelin Morgan, Registered Agent**
14   **Nova Merchant Services, LLC**
     **6000 Fairview Road, Ste 1200**
15   **Charlotte, NC 28210-2252**

16

17   DATED this 6th day of June, 2016

18

19

20

21   Plaintiff
     Chris Hughson
22   4754 SW Admiral Street
     Portland, Oregon 97221
23   chris@oregonrealtyadvisors.com
     Cell:  (503) 703-6844

24

25

Exhibit 1 - Page 16 of 16